**Lewis Carl McDOWELL, Petitioner,**

v.

**Bonnie Ruth McDOWELL, Respondent.**

Supreme Court of Tennessee.

Sept. 4, 1979.

Randall L. Nelson, Chattanooga, for petitioner.

Stephen T. Greer, Greer & Smith, Dunlap, for respondent.

## OPINION

FONES, Justice.

Bonnie Ruth McDowell was awarded a divorce from Lewis Carl McDowell on the grounds of cruel and inhuman treatment. The gross value of the parties' jointly owned property at the time of the divorce was $202,350, and their only obligation was a $10,000 note held by Sequatchie County Bank upon which they were jointly liable.

The learned trial judge awarded wife property valued at $101,300 and husband property valued at $101,050, which was as near a 50/50 division under T.C.A. § 36–825 as the varied assets distributed would permit. The decree further provided that, "[t]he defendant should be required to assume the entire balance of said promissory note, said assumption to be in lieu of child support payments and also pursuant to the division of the jointly owned property."

The Court of Appeals found that the evidence would not support an award of $5,000 child support and that, "[i]t is doubtful that the provision could be fully justified on the other grounds already mentioned," a reference to the allocation by the trial judge of some unspecified portion of the $5,000 as a division of the jointly owned property.

The Court of Appeals simply reallocated the $5,000 as $1,000 child support and $4,000 alimony.

While husband's petition to this court continues to insist, as he has below, that a one-half interest in 50 acres of a 91 acre tract was a gift by his parents and should be excluded from the jointly owned property to be divided, his principal thrust is simply that the net assets of the parties should be divided 50/50, including joint assumption of the bank debt.

The Court of Appeals found, in part, as follows:

"The primary asset other than their home, consisted of approximately 91 acres of property adjacent to the home, about one-half of which (46 acres) is cleared and the remainder of which is timberland. It is shown that originally this property was bought by the parties as tenants-in-common with the defendant's parents, Lewis and Mae McDowell who, thereafter, deeded the property to plaintiff and defendant and received in return the tenancy-in-common interest of the parties in another forty acre tract. The per acre value of the tracts was approximately equal, so, in effect, the defendant's parents made a gift of their one-half interest in fifty acres to their son, Carl, and his wife, the plaintiff.

The plaintiff expressed a desire to have only one-half of the assets of the parties,

and Mr. McDowell, the defendant, agreed that she was entitled to one-half of their assets."

The evidence supports those findings and we are of the opinion that the award of any alimony, in addition to fifty percent of the net assets of the parties was erroneous.

With reference to the child support, the parties' daughter was twenty-three years old and married and their son was only seven months short of his eighteenth birthday on the date of the trial, four months from the date of entry of the final decree. The trial judge's child support award imposing the wife's $5,000 of the bank indebtedness upon the husband, and hinging the award, in part, to a division of the jointly owned property renders it impossible for this Court to ascertain what portion was child support and what portion was an additional award of jointly owned property.

Nevertheless, we have a record in which both lower courts have made an award of child support and we are of the opinion that the award of $1,000 made by the Court of Appeals was proper and should be affirmed.

We think it improper to make a child support award, by decreeing that a parent will assume a bank debt of the custodial parent.

The judgment of the Court of Appeals will be modified by eliminating the $4,000 allocation of wife's portion of the bank debt as alimony and adjudging her jointly liable with the husband for the entire debt and ordering that husband pay wife the sum of $1,000 as child support for the period from the date of the decree until the eighteenth birthday of their son. In all other respects the decree of the trial court is affirmed and this cause is remanded to that court for the entry and enforcement of the decree.

The costs of this appeal will be adjudged one-half against husband and one-half against wife.

BROCK, C. J., and COOPER, HENRY and HARBISON, JJ., concur.